IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**NAUTILUS INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 2:07-00105**

**ANDREW MAYNARD, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' Joint Motion to Dismiss or in the Alternative to Refer this Civil Action to Mingo County Circuit Court. (Doc. No. 12.) For the reasons set forth below, the court denies the motion and stays this action pending disposition of the related state litigation.

### I. Factual and Procedural Background

Plaintiff Nautilus Insurance Company ("Nautilus") issued a commercial general liability insurance policy to defendants Logan-Mingo Contracting, Inc. ("Logan-Mingo"), and Russell Deskins d/b/a Deskins Contracting ("Deskins"), to be in effect from April 15, 2003, until April 15, 2004, for clear-cutting work Logan-Mingo and Deskins were performing at a mine owned by Premium Energy, Inc. ("Premium"). (Doc. No. 1 at 1-3.) On May 9, 2003, defendant Andrew Maynard was injured in the course of his employment with Deskins. (Id. at 3.) Maynard and his wife subsequently filed suit against Logan-Mingo, Deskins, and Premium in the Circuit Court of Mingo County, West Virginia. (Id.)

When Logan-Mingo and Premium tendered defense of the suit to Nautilus, the insurer denied coverage on the basis that the policy contained an exclusion negating coverage for injuries sustained by an employee of the insured.  (Id. at 4; Doc. No. 17 at 2.)  In September of 2005, a default judgment was entered against Logan-Mingo and Deskins on the issue of liability.  (Doc. No. 1 at 4.)  The following year, the parties to the state suit entered into settlement agreements pursuant to which Deskins consented to entry of a $625,000.00 judgment against it, Premium agreed to assign its indemnity rights to Deskins, and Deskins agreed to assign its claims against the insurance defendants to the Maynards.  (Id.)  On February 14, 2007, the circuit court approved the settlement agreements and entered judgment for $625,000.00 against Deskins, thus concluding the first state action.  (Doc. No. 13 at 3.)

On February 20, 2007, Nautilus filed its Complaint for Declaratory Judgment in this court pursuant to 28 U.S.C. §§ 2201 and 2202, and on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No. 1.)  Nautilus seeks a declaration that the policy in question affords no coverage to Logan-Mingo and Deskins for the Maynards' claims, nor for Premium's cross-claims.  (Id. at 5-6.)  Two months after this declaratory judgment action was filed, the Maynards brought a second suit in the Circuit Court of Mingo County, naming as defendants all

parties involved in the purchase of the Nautilus policy: Deskins' insurance agent and insurance agency, the surplus lines insurance broker for the policy, and Nautilus, itself. (Doc. No. 17 at 3-4.) Through the state action, the Maynards seek several types of relief, including a declaration as to the existence of coverage under the Nautilus policy for Mr. Maynard's injuries. (Id. at 4.) Defendants' motion to dismiss urges the court to decline to exercise its authority under the Declaratory Judgment Act in favor of allowing the issue of coverage to be resolved by the pending state action. (Doc. Nos. 12, 13.)

## II.  **Analysis**

The Federal Declaratory Judgment Act ("the Act") provides in pertinent part that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. This Act, which is permissive on its face, is understood to bestow upon federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)(noting language of statute that a court "may" declare the rights and legal relations of interested parties).

In exercising its discretion, a court is to consider (1) whether the judgment would "serve a useful purpose in clarifying and settling the legal relations in issue," and (2) whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).  Courts are cautioned against issuing declaratory judgments where the result would be "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted."  Id.

The Fourth Circuit Court of Appeals has enunciated four specific factors by which the court's analysis is to be guided:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; . . . (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" – that is, "to provide another forum in a race for res judicata" or "to achieve a federal hearing in a case otherwise not removable."

Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996)(quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)).

Although Nautilus contends that these factors weigh against dismissal of the instant action, it centers its argument against dismissal on the fact that this declaratory judgment action was filed prior to the current state action, at a time when no state action was pending.[1]  (See Doc. No. 17 at 4-10.)  This point is not dispositive, however.  Wilton and Poston both involved circumstances similar to those in the pending case: "An insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy."  Wilton, 515 U.S. at 282, quoted in Poston, 88 F.3d at 257.  Both cases approved a district court's decision not to exercise its jurisdiction under the Act, with the Fourth Circuit in Poston noting that it "decline[d] to place undue significance on the race to the courthouse door . . . ."  Poston, 88 F.3d at 258.

Applying the four Nautilus factors to the instant case, the court is persuaded that the parties' dispute ought to be resolved through the pending state action.  Although the application of the employer liability exclusion may not involve "difficult, complex, or unsettled" questions of state law, Nautilus, 15 F.3d

---

[1] It is worth noting that defendants' memorandum is deceptive on this point, leading a reader to believe that the Maynards' current state action predates the federal suit.  (See, e.g., Doc. No. 13 at 5 ("factual determinations and factual issues that are already being developed in the prior and pending actions before the Circuit Court of Mingo County); id. at 7 ("litigation is already pending in the Circuit Court of Mingo County").)

at 378, the court observes that "the state's interest is stronger in questions of insurance law." First Fin. Ins. Co. v. Crossroads Lounge, Inc., 140 F. Supp. 2d 686, 694 (S.D. W. Va. 2001)(Chambers, J.)(citing SEC v. Nat'l Sec., Inc., 393 U.S. 453, 459 (1969). Resolution of the coverage issue in state court would serve the interests of efficiency, as the state action encompasses not only the question of coverage, but also claims for bad faith, unfair trade practices, breach of contract, and professional negligence arising from the issuance of the policy. Because both the state and federal actions seek a declaration as to coverage, a declaration of the parties' rights in this action would necessitate resolution of the same questions of fact and law currently before the state court. Finally, although this action would be otherwise removable pursuant to the court's diversity jurisdiction, it is evident that plaintiff selected the forum it believed to be most favorable to its cause. Because defendants have done likewise, however, the court assigns only neutral effect to the fourth Nautilus factor.

Having concluded that the issues raised in this action would be better resolved by the pending state litigation, the court declines to assert jurisdiction at this time. The Supreme Court in Wilton noted that,

> where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the

state case, for any reason, fails to resolve the matter
in controversy.

<u>Wilton</u>, 515 U.S. at 288 n.2.  As such, the court stays this action pending resolution of the state litigation.

### III.  Conclusion

Having concluded that a stay, rather than dismissal, of this action is the proper course, the court hereby **DENIES** defendants' Joint Motion to Dismiss or in the Alternative to Refer this Civil Action to Mingo County Circuit Court.  (Doc. No. 12.)  The court instead **STAYS** this action pending disposition of the related suit currently pending in the Circuit Court of Mingo County, West Virginia.  The parties are **DIRECTED** to inform the court promptly in writing of such disposition.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 9th day of October, 2007.

                                        ENTER:

                                        David A. Faber
                                        United States District Judge